Wood, C, L.
It is urged by the.’counsel for the defendant, that this action is not sustainable by any known and well • settled,. principle of law. -The absence .of direct, or, at least, •analogous authority, it is certain, with a careful judge, tends to create uncertainty and doubt, not' unfrequently, whether a po- ■ sition assumed as the basis of a -right, to recover can be sustained;.'.' But case's do,'however, often occur, in the multifarious' relations and transactions of mankind', when it is, by no means, Un insuperable ohjection- to the remedy soúght 'to be-obtained, that.'there is no direct adjudication in ' point. Rulés of law must ■ sometimes, ■ of necessity, be -extended to .suit the local condition and meet the exigencies of every'people. The com-, mon law of -England, imported by our ancestors, as.’is- said, is in force in Ohio, but it rests, nevertheless, in the sound discretion of the Court to say how far it is applicable to our condition; It is one of the maxims of the common law, that for every injury a remedy is given, and when the justice of a causé stares me fully in the facej I ■ will say, w-ith Mr.. Justice Eyre, that' “ Ido not feel myself pleased to he knocked down with formal objections.” If.there is no Jinownmode of redress, it is the duty of the Court, in such case, to open some new channel through which a remedy may be obtained. But I am not aware that the plaintiff,, in the case at bar, is driven *731 to the extremity to ask of the Court the adoption of any süch course. It appears to us, the"action may be sustained upon the ordinary principles applicable to a special action on the case, in general. Such an action lies to recover damages for an act done by another, either lawful or unlawful, with force or without, when the damages are not immediate, but as a consequence resulting' from some intervening act, produced by that which is the gist of the action. Examples in the books áre known to every lawyer. The action, by a singular provision of the statute of Ohio, has been extended to cases where trespass will lie, and is now a legal remedy to recover for an assault and battery. But take the action of case, as 'defined, with the general principle that the laiu gives redress for every injury, (but to which rule there are, doubtless, exceptions,) why is the plaintiff, on principle, not entitled to maintain his action ? To simplify the facts, "the - agreed case shows he was a mortgagee of Andrew Allison; the condition of the mortgage was broken and the defendant was a subsequent judgment creditor of Andrew. As against Andrew, the lién of the plaintiff’s mortgage was older than that of the defendant’s judgment. Under these circumstances, the defendant, with his execution, issued upon his judgment, interferes and lessens the plaintiff ’ s security, by removing the fixtures and destroying the mill covered by the plaintiff’s mortgage, so that the.mortgage lien is an insufficient security for the plaintiff’s debt-, and Andrew Allison has no other property of any description. In our opinion, on principle, where such security is thus- diminished, and damages result from the act, to the plaintiff, the action lies. For authority, we have examined only the cases cited. The 2 Greenleaf’s Rep. 173, presents a case directly analagous: M mortgaged to W, and afterwards erected a house on the land. M sold the premises to another, and he sold the house to the defendant, who' removed it. The mortgage was assigned to the.-plaintiff, and it was held he might recover the value of the. house. Idem, p. 387, is a similar case, but the action was trespass.
*732 There is, however, no difference in principle. Possession or right of immediate possession is not always necessary to maintain cases for an injury either to real or personal property. It will lie for an injury to a reversionary interest, in either personalty or realty, though in trespass, without the aid of the Ohio statute, the rule would be different.
But it is said, the machinery of the mill was not realty or fixtures, and did not pass with the mortgage; but the evidence shows, it was placed there for permanent use; that it was attached to the mill and the freehold; and, in this case, the facts show, inevitable loss will probably result to the plaintiff, though permitted to recover in this action.

Judgment for Plaintiff.